<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| IN RE INSURANCE BROKERAGE ANTITRUST LITIGATION | MDL Docket No. 1663<br>Civ. No. 04-5184 (GEB) |
| CAMERON OFFSHORE BOATS, INC.,<br>  Defendant,<br>v.<br>MARSH USA, INC., et al.,<br>  Plaintiffs. | Civ. No. 05-5696 (GEB)<br><br>**MEMORANDUM OPINION** |

**<u>BROWN, Chief District Judge</u>**

This matter comes before the Court upon the motion of Plaintiff Cameron Offshore Boats, Inc. ("Cameron") for lift of stay and suggestion of remand [#19]. Defendants Marsh USA, Inc. et al. ("Marsh") do not oppose this motion. The Court has reviewed Cameron's submissions, and for the reasons set forth below, will grant Cameron's motion and lift the stay for the limited purpose of suggesting that the Judicial Panel on Multidistrict Litigation transfer this case.

**I.   BACKGROUND**

On April 6, 2005, Cameron filed a complaint against Marsh and several insurance companies in the United States District Court for the Western District of Louisiana. (Compl.; Pl.'s Mot. Br. at 3.) [#6, 19] In pertinent part, that complaint alleged that Marsh had failed to

recommend that Cameron purchase a certain type of insurance, the lack of which had ultimately caused Cameron pecuniary loss. (*Id.*) In addition to those allegations, Cameron's complaint also claimed that Marsh had received "contingent commissions" from several defendant insurance companies with which Marsh had placed Cameron's insurance. (*Id.*) Because of Cameron's allegations based upon "contingent commissions," the Judicial Panel on Multidistrict Litigation ("MDL Panel") transferred this case to the District of New Jersey for inclusion in MDL No. 1663, *In Re Insurance Brokerage Antitrust Litigation.* Since transfer to this Court, Cameron has dismissed all of its claims against the defendant insurance companies, leaving the Marsh entities as the only defendants in this case. (Pl.'s Mot. Br. at 4-5.) [# 19]

Cameron does not contend that the transfer of this case to the District of New Jersey for inclusion in MDL 1663 was improper. Rather, Cameron now seeks transfer of this case to the Western District of Louisiana based upon the "Joint Stipulation of Withdrawal of Contingent Commission Allegations with Prejudice and Limitation of Discovery" (the "Agreement") that it has reached with Marsh. (Joint Stipulation) [# 20] The Agreement states, in pertinent part, that upon remand, Cameron will dismiss with prejudice its "contingent commission" claims against Marsh, and will not seek discovery related to those dismissed claims. (*Id.*) Because of the Agreement, Marsh does not oppose Cameron's present motion.

In its moving brief, Cameron asserts that a suggestion of remand is appropriate in this case for the same reasons articulated in the Court's August 19, 2008 memorandum opinion and order that lifted the stay and recommended the MDL Panel transfer "tag-along" plaintiff KLLM's case to the transferor court. (Civ. No. 04-5184 (GEB)) [# 1416, 1417]. In sum, Cameron argues that a suggestion of remand is appropriate because:

> 1) everything remaining in Cameron's action is case specific and unrelated to MDL 1663; 2) it serves the convenience of the parties and the witnesses for the action to be remanded; 3) there will be no judicial economy gained by maintaining the action in MDL 1663; 4) there is no risk of inconsistent rulings if Cameron's action is transferred; and 5) remand will best serve the expeditious disposition of this action's litigation.

(Pl.'s Mot. Br. at 9.) [#19]  The Court agrees.  For the reasons set forth below, and similar to the Court's reasoning in the *KLLM* case, the Court will grant Cameron's motion and lift the stay for the limited purpose of recommending that the MDL Panel transfer this case to the Western District of Louisiana.

## II.     DISCUSSION

### A.     Legal Standard

Multidistrict transfer and remand is governed by 28 U.S.C. § 1407(a), which provides:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings.  Such transfers shall be made by the judicial panel on multidistrict litigation authorized by this section upon its determination that transfers for such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions.  Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated: Provided, however, That the panel may separate any claim, cross-claim, counter-claim, or third-party claim and remand any of such claims before the remainder of the action is remanded.

Pursuant to Rule 7.6(c) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation:

> The Panel shall consider remand of each transferred action or any separable claim, cross-claim, counterclaim or third-party claim at or before the conclusion of coordinated or consolidated pretrial proceedings on

      (i) motion of any party,
      (ii) suggestion of the transferee district court, or
      (iii) the Panel's own initiative, by entry of an order to show cause, a conditional remand order or other appropriate order.

While the authority to remand a matter back to the transferor court lies solely with the Panel – pursuant to 28 U.S.C. § 1407(a), "[t]he Panel is reluctant to order remand absent a suggestion of remand from the transferee district court." Rule 7.6(d) of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation.

Once a case has been transferred into an MDL, "a party seeking remand to the transferor court has the burden of establishing that such remand is warranted." *In re INTEGRATED RESOURCES v. INTEGRATED RESOURCES EQUITY CORP.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994)(*citing In re Holiday Magic Sec. & Antitrust Litigation*, 433 F. Supp. 1125 (J.P.M.L. 1977)). "The Panel has made it clear that it will 'remand an action . . . prior to completed pretrial proceedings only upon a showing of good cause.'" *In re INTEGRATED RESOURCES,* 851 F. Supp. at 562 (*quoting In re South Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978)).

In determining whether to remand a matter to the transferor court, the Panel generally considers "whether the case will benefit from further coordinated proceedings as part of the MDL." *In re Bridgestone/Firestone, Inc., ATX, ATX II, & Wilderness Tires Prods. Liab. Litig.* 128 F. Supp. 2d 1196, 1197 (S.D. Ind. 2001). The Panel may exercise its discretion to remand "when everything that remains to be done is case-specific." *Id.* (*In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000).

When considering whether to remand a matter back to the transferor court, the transferee

District Court is guided by the same standards employed by the Panel. *See id.* A suggestion of remand is appropriate when the transferee court has determined that its "role in the case has ended." *In re INTEGRATED RESOURCES*, 851 F. Supp. at 562.

### B. Application

The Court is persuaded that this case is uniquely situated as to warrant a suggestion of remand. As the plaintiffs did in *KLLM*, Cameron has agreed to dismiss with prejudice all claims against Marsh that relate to MDL 1663, and will not seek discovery related to the dismissed claims upon remand. As was the case in *KLLM*, once Cameron's complaint is amended pursuant to the Agreement, this case will no longer share any common claims or issues with other cases in MDL 1663, and everything left to be done will be case-specific. Further, after amendment pursuant to the Agreement, this case will benefit in no way from continued participation in co-ordinated pre-trial proceedings as part of MDL 1663. Indeed, after amendment pursuant to the Agreement, the very basis for this case's transfer to MDL 1663 will be removed. Therefore, after amendment pursuant to the Agreement, this case will be more economically, expeditiously, and conveniently adjudicated in the Western District of Louisiana.

Because the Agreement makes clear that Cameron's claims no longer share any connection to the MDL, the Court finds that this "case will [not] benefit from further coordinated proceedings as part of [MDL 1663]." *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1197. As such, suggestion of remand is appropriate in this case.

### III. CONCLUSION

For the reasons expressed above, the Court will grant Cameron's motion and lift the stay for the limited purpose of suggesting the MDL Panel transfer this case to the Western District of

Louisiana.  An appropriate form of order accompanies this memorandum opinion.

Dated:  March 3, 2008

                   /s/ Garrett E. Brown, Jr.
                 GARRETT E. BROWN, JR., U.S.D.J.